IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:15-CR-101- |
| | § | ALM-AGD-4 |
| SHANE LEE MCCANN | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Shane Lee McCann's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on September 9, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Chris Rapp.

Defendant was sentenced on February 12, 2016, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Manufacture and Distribute Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of V, was 84 to 105 months. Pursuant to a defense motion for a variance to which the Government objected, Defendant was sentenced to 80 months imprisonment followed by a four-year term of supervised release which was subject to the mandatory and standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and a $100 special assessment. On April 15, 2021,

REPORT AND RECOMMENDATION – Page 1

Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas.

On May 8, 2024, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision. (Dkt. #220, Sealed). The First Amended Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1) & (2) (mandatory) Defendant shall not commit another federal, state, or local crime; (3) (mandatory) Defendant shall not unlawfully possess a controlled substance. Defendant shall refrain from any unlawful use of a controlled substance; (4) (standard) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (5) (standard) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered; and (6) (standard) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. (Dkt. #220, at pp. 1–3, Sealed).

The First Amended Petition alleges that Defendant committed the following acts: (1) On September 27, 2023, Defendant was arrested by the Lamar County Sheriff's Office in Paris, Texas, and charged with Fraudulent Use and Possession of Identifying Information, a state jail felony in Texas. This charge was dismissed; (2) On October 19, 2023, Defendant was arrested by the Paris Police Department and charged with Possession of a Controlled Substance, a third-degree felony, and Fraudulent Use and Possession of Identifying Information, a state jail felony. On March 14, 2024, after previously pleading guilty to the Possession of a Controlled Substance charge, Defendant was sentenced under Cause Number 30627 in the 6th District Court of Lamar County,

REPORT AND RECOMMENDATION – Page 2

Texas to serve 20 months in a state jail. As part of the plea bargain, the Fraudulent Use and Possession of Identifying Information charge was dismissed. The arrest stemmed from a traffic stop which led to the discovery of the methamphetamine and several credit cards and a check that were not in Defendant's name; (3) At a home visit conducted on August 9, 2023, Defendant admitted to having sold drugs within the last several months to make ends meet, and in early July 2023, he sold methamphetamine to an undercover officer. That criminal case is being prepared for prosecution at this time. Defendant possessed methamphetamine as evidenced by the conviction under Cause Number 30627 in Lamar County, Texas; (4) At a home visit conducted on August 9, 2023, Defendant admitted to having sold drugs within the last several months to make ends meet, and in early July 2023, he sold methamphetamine to an undercover officer. Defendant also admitted to having used methamphetamine recently. Defendant possessed methamphetamine as evidenced by the conviction under Cause Number 30627 in Lamar County, Texas; (5) At a home visit conducted on August 9, 2023, Defendant admitted to having sold drugs within the last several months to make ends meet, and in early July 2023, he sold methamphetamine to an undercover police officer. He also admitted to having used methamphetamine recently; and (6) By admitting that he sold methamphetamine, Defendant confirmed that he associated with persons engaged in criminal activity, many of whom are convicted felons. (Dkt. #220, at pp. 1–3, Sealed).

    Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (1) and (3)–(6). Defendant entered a plea of true to allegation (2) of the First Amended Petition.

    Having considered the First Amended Petition and the plea of true to allegation (2), the court finds that Defendant did violate his conditions of supervised release. Defendant waived his

right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eighteen (18) months to run consecutively to the sentence imposed in state case #30627 out of the 6th District Court in Lamar County, Texas, with no term of supervised release to follow.

The court further recommends that allegations (1) and (3)–(6) of the First Amended Petition be dismissed.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in the Butner, North Carolina area, if appropriate.

**SIGNED this 7th day of October, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE